IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:15-CV-34-FL

| | |
|---|---|
| MICHIEL COURTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SSC HERTFORD OPERATING ) | |
| COMPANY LLC, doing business as Brian ) | |
| Center Health and Rehab-Hertford, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion to strike (DE 47), to which defendant has responded in opposition with alternative motion to amend answer (DE 52). Plaintiff has replied in support of its motion and responded in opposition to defendant's alternative motion. Also before the court is defendant's unopposed motion to seal (DE 54). In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion to strike is denied, defendant's alternative motion is denied as moot, and defendant's motion to seal is denied.

**BACKGROUND**

Plaintiff commenced this action on August 31, 2015, asserting a claim of medical malpractice and negligence arising out of defendant's care and treatment of plaintiff, who is paraplegic, in a nursing and rehabilitation facility known as the Brian Center. In his original complaint, plaintiff sought damages in excess of $1,000,000.00 to compensate him for damages sustained, as well as punitive damages. Defendant timely answered, and the parties proceeded through a period of discovery concluding October 1, 2016, with dispositive motions to be filed by

November 1, 2016. The parties participated in an unsuccessful mediation on July 28, 2016. Plaintiff moved to amend his complaint on October 13, 2016, and the court granted the motion resulting in amended complaint filed November 4, 2016. The amended complaint is identical to the original complaint, except that it includes new allegations regarding damages reimbursable to the United States government. In particular, plaintiff alleges:

> Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. Plaintiff, for the sole use of and benefit of the United States of America, under the provision of 42 U.S.C. § 2651 and 38 U.S.C. § 1729, and with its expressed consent, asserts a claim for the reasonable value of said past and future care and treatment.

(Am. Compl. ¶ 46). Plaintiff adds to the prayer for relief that he seeks to have defendant "reimburse the United States Government for the reasonable value of the care and treatment provided by the Government or at its expense." (Am. Compl. p. 10).

Defendant timely filed an answer to the amended complaint, denying plaintiff's entitlement to receive damages for value of care and treatment provided by the United States Government. Defendant also asserts two new affirmative defenses, comprising its twentieth and twenty-first affirmative defenses: 1) contributory negligence due to "[p]laintiff's own willful and/or wanton conduct in refusing to turn and reposition and allow his healthcare providers to provide appropriate pressure relief [which] resulted in the delayed healing and worsening of the wound complained of in this litigation . . . ."; and 2) assumption of risk on the same basis. (Am. Answer pp. 11-12).

Plaintiff moves to strike defendant's new affirmative defenses on the basis that they are outside the scope of the new material presented in the amended complaint, that defendant unduly delayed in asserting the new affirmative defenses, and that plaintiff is prejudiced because the new affirmative defenses have been asserted after discovery has closed. In response, defendant asserts

2

that the new affirmative defenses are permissible without leave of court and that, in the alternative, defendant should be allowed to amend its answer. Defendant also moves to seal a confidential and personal medical record filed in conjunction with its response.

**COURT'S DISCUSSION**

A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." With respect to amendments to pleadings, Rule 15(a) provides that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

In this case, striking defendant's affirmative defenses under Rule 12(f) is not warranted because plaintiff has not demonstrated that the defenses are "insufficient," or "redundant, immaterial, impertinent, or scandalous matter." In addition, plaintiff has not shown good cause for striking the affirmative defenses under Rule 15(a). Defendant filed its amended answer within the time period prescribed by Rule 15(a), and Rule 15(a) does not limit the scope of new allegations which a defendant may assert in a response to an amended complaint. See Fed. R. Civ. P. 15(a)(3).

The court recognizes plaintiff's argument that the court should follow a "proportionality" approach, as described in Virginia Innovation Sciences, Inc. v. Samsung Electonics Co., 11 F. Supp. 3d 622, 633 (E.D. Va. 2014), whereby an amended answer "must reflect the breadth of the changes in the amended complaint." Id. The court declines to follow this restrictive approach under the circumstances of this case for several reasons. First, the plain language of Rule 15 does not limit the court to following such an approach. Second, the rationale and application of the moderate

3

approach in Virginia Innovation were focused largely on circumstances involving the addition of a "new counterclaim" in response to an amended pleading, see, e.g., id. at 632 (quoting 3 James W. Moore, et al., Moore's Federal Practice § 15.17[6] (3d ed. 1997)), whereas this case involves an amendment to affirmative defenses. Third, the amended affirmative defenses in this case, while substantial, are not in any event wholly out of proportion to the breadth of the changes in the amended complaint. The court notes, in this respect, that defendant already had asserted affirmative defenses on the basis that plaintiff's injuries "were caused by the intervening and/or superseding negligence of others" and damages "occurred, if at all, as a result of acts or omissions of others." (Am. Ans. pp. 8 & 10).

In sum, plaintiff has not demonstrated good cause to strike defendant's twentieth and twenty-first affirmative defenses. Nevertheless, the court is mindful of plaintiff's argument that he may be unduly prejudiced by defendant's assertion of new, significant, affirmative defenses after discovery has closed. This case presents somewhat unusual circumstances where neither party has asserted any dispositive motions or motions based upon expert reports. As such, the parties in this case have not had opportunity potentially to flesh out arguments and defenses prior to trial as may be afforded through such motions practice. Under these unique circumstances, and in accordance with Federal Rules of Civil Procedure 1 and 16(b), the court in its discretion extends the deadline for discovery for a period of 60 days to afford plaintiff the opportunity to take limited written discovery and conduct limited additional depositions to address defendant's newly-asserted affirmative defenses.

While the court recognizes plaintiff's argument that he has already incurred substantial expense in discovery to date, the court does not fault defendant for its delay in asserting the affirmative defenses, where the court finds credible defendant's explanation that the defenses were

4

developed substantially through deposition testimony and expert reports produced at the end of the discovery period, even where the issues raised may have presented in earlier deposition of plaintiff. Plaintiff may, in the alternative, choose to forego further discovery and proceed directly to trial.

In either event, the parties shall file joint notice on or before 60 days from the date of this order updating their prior status report informing of estimate trial length, particular pretrial issues which may require court intervention in advance of trial, if any, and the parties' suggested alternative trial dates. The court also makes available to the parties the option of specifying whether they desire to pursue additional alternative dispute resolution, including court-hosted mediation, in light of developments in the case since prior mediation completed. Thereupon, the court will enter such further order as is warranted regarding the scheduling of pre-trial conference and trial.

B.     Motion to Seal

In evaluating a motion to seal, in accordance with the mandatory procedure outlined by the Fourth Circuit in Stone v. University of Maryland, 855 F.2d 178 (4th Cir.1988) ("Stone I"), the court must first "determine [whether] the source of [the public's] right of access . . . is based on the common law or the First Amendment" with respect to each document to be sealed. Id. at 180. This is because "different levels of protection may attach to the various records and documents involved in [a] case." Id.

"The common law presumes a right to inspect and copy [all] judicial records and documents," and this presumption "may be overcome if competing interests outweigh the interest in access." Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir.1988); In re Washington Post Co., 807 F.2d 383, 390 (4th Cir.1986)).

5

The First Amendment guarantees a heightened presumption of access "only to particular judicial records and documents," id., including those "filed with and considered by a court in connection with a dispositive motion like a motion for summary judgment." Stone v. Univ. of Maryland Med. Sys. Corp., 948 F.2d 128, 131 (4th Cir. 1991) ("Stone II"). To determine whether the First Amendment provides a right of access, the court must "employ the 'experience and logic' test, asking: (1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 291 (4th Cir. 2013) (internal quotations omitted). In this manner, the Fourth Circuit has suggested that this First Amendment presumption of access may extend to all "documents that are used in the performance of Article III functions." Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014) (citing United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)).

"Where the First Amendment guarantees access, . . . access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone I, 855 F.2d at 180 (citing Rushford, 846 F.2d at 253; Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984)). To ensure proper weighing of such interests, "a court must first give the public notice of a request to seal and a reasonable opportunity to challenge it." Id. at 181 (citing In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984)). "The court must consider less drastic alternatives to sealing and, if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review.'" Id.

In this case, the court need not resolve whether the instant motion to strike constitutes a

6

"dispositive motion" for purposes of determining First Amendment guarantee of access, because under either the First Amendment or common law right of access, defendant has not demonstrated that the subject document, Exhibit E, filed by defendant as part of its response to the motion to strike, should remain under seal. The court recognizes that the document includes information of a confidential and personal medical nature. However, the document does not reveal information of this nature to any significant degree greater than the remaining documents attached to and quoted in defendant's response, which describe plaintiff's medical treatment. (See, e.g., DE 50 at 4 (quoting Designation of Experts, Exhibit F (DE 50-1)). Therefore, defendant has not demonstrated that "competing interests outweigh the interest in access" to this document. Stone I, 855 F.2d at 180. Accordingly, defendant's motion to seal must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike (DE 47) is DENIED. Defendant's alternative motion to amend answer (DE 52) is DENIED AS MOOT. Defendant's motion to seal (DE 54) is DENIED. On its own initiative, for good cause shown, the court EXTENDS the deadline for completion of discovery to **April 3, 2017**, to allow plaintiff the option to conduct limited discovery as set forth herein. The parties shall file updated joint notice on or before **April 3, 2017**, informing of estimate trial length, particular pretrial issues which may require court intervention in advance of trial, if any, and the parties' suggested alternative trial dates, as well as whether the parties desire a renewed opportunity for alternative dispute resolution. Thereupon, the court will enter such further order as is warranted regarding the scheduling of pre-trial conference and trial.

SO ORDERED, this the 3rd day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge